# CASES DETERMINED

IN THE

# ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

OCTOBER TERM, 1888.

W. H. TURNER, Assignee, Appellant, v. D. J. HAYDEN
*et al.*, Respondents.

St. Louis Court of Appeals, November 13, 1888.

ACTION: EVIDENCE: ASSIGNMENT. One who sues as assignee of an open
account cannot maintain his action without some proof of the fact
of the assignment.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

AFFIRMED.

*John J. McCann*, for the appellant.

The assignment of the Zephyr Manufacturing Com-
pany to W. H. Turner was not in issue. *Ragland v.
Ragland*, 5 Mo. 54. In Missouri no formal assignment of

(15)

an account is necessary. An act showing an intent to transfer the party's interest is sufficient for that purpose. *Smith v. Sterritt*, 24 Mo. 262; Schouler on Personal Property, sec. 102 *et seq.;* and 2 *Id.* sec. 674 *et seq.* Defendants admitted this assignment: (1) In their affidavit for appeal from justice ; (2) in their said appeal ; (3) in their notice of said appeal. Defendants estopped themselves by the aforementioned acts from denying the assignment in question. *Father Mathew Society v. Fitzwilliams*, 12 Mo. App. 445 ; s. c. 84 Mo. 406 ; *Light v. Railroad*, 69 Mo. 108 ; *State ex rel. v. Williams*, 77 Mo. 463 ; *Lionberger v. Krieger*, 13 Mo. App. 312. An unsigned assignment of an account is good ; so also a verbal assignment is valid. Hilliard on Sales, 564, 576. An assignment may be by parol and may be proved by acts of the parties. *Garnsy v. Gardner*, 49 Maine, 171. The assignor herein is bound by the judgment. Barbour on Parties to Actions, sec. 46, and notes. Delivery of a copy of open account is a delivery of debt evidenced thereby. *Porter v. Bollard*, 26 Maine, 462. Manual delivery of a chose in action is sufficient to support an assignment. Hilliard on Sales, 575, and authorities. Defect of parties, if such is the plea of defendants, was waived by failure to prove it. *Trustees v. Schowengerdt*, 8 Mo. App. 571 ; *Fowler v. Williams*, 62 Mo. 404.

*Christian & Wind*, for the respondents.

The assignment was a material fact in issue, requiring evidence to establish it. *Bond v. Long*, 87 Mo. 268 ; *Simms v. Lawrence*, 9 Mo, 665. Inasmuch as the statement of plaintiff's cause of action contained what purported to be an assignment of the demand, the writing itself was the best, and therefore the only competent, evidence of an assignment. The execution of affidavit and bond for appeal, being statutory requisites for an appeal, could not estop defendants, nor constitute an admission.

PEERS, J., delivered the opinion of the court.

The plaintiff sues claiming to be the assignee of the Zephyr Manufacturing Company on an account for $60.90 against the defendant Hayden. Turner sued Hayden before a justice of the peace and recovered judgment. Defendant appealed to the circuit court. On the trial in the circuit court the account was handed to a witness who identified the items of the account and testified as to the correctness of the amount, but no proof was made of the assignment. At the close of plaintiff's case, and upon the suggestion of the court that such proof was necessary, the plaintiff took a voluntary non-suit with leave, etc. The trial court refusing to set aside the non-suit the case comes here by appeal.

The question to be determined is as to the necessity of proof of the assignment of an account in order for the assignee to recover in a suit in his own name. We think such proof absolutely necessary, and without it plaintiff cannot recover. We do not mean to be understood as holding that a formal assignment of an account is necessary in order for the holder to maintain an action thereon ; but there must be some evidence of the intent to transfer the party's interest. This is clearly the meaning of the supreme court in *Smith v. Sterritt*, 24 Mo. 261. On the record before us there is absolutely nothing to show the intent of the Zephyr Manufacturing Company to assign to Turner. An open account is not property nor is it in itself evidence of debt; it is at most simply a memorandum, and in an action thereon the items must be proved, and if assigned to another there must be some evidence of that fact also. In *Porter v. Ballard*, 26 Maine, 651, there was proof of a parol assignment by the admission of both the parties to it, as well as by other testimony, and the court held the assignment sufficient. There is nothing in this record by which we

can infer, from the conduct and acts of the parties, an assignment of the account. The appeal-bond and affidavit are only descriptive of the parties to the litigation, and of themselves furnish no testimony of the assignment. Nor do we think that such affidavit and bond can be construed into an admission of the assignment. The trial court entered judgment of non-suit in this case because of the failure of the assignee to furnish some evidence of the assignment, and we do not feel justified in disturbing its finding.

Judgment affirmed. All concur.